# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAIMEON ,

    Plaintiff,

v.

TEAM SCHOSTAK FAMILY RESTAURANTS, LLC, a Michigan llc,

    Defendant.

                                                /

Case No. 2:20-cv-10975

Hon.

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Daimeon Mosley, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Team Schostak Family Restaurants, LLC based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

1

## PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.

4. Defendant is a Michigan limited liability company with its registered office located at 17800 Laurel Park Drive N, Suite 200 C, Livonia, MI 48152.

5. Upon information and belief, Defendant owns or operates "Wendy's" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including permanent paralysis, degenerative discs and scoliosis caused by his being infected with the West Nile Virus in 2003. These conditions cause plaintiff to suffer from sudden onsets of severe pain, experience seizures and require plaintiff to use a mobility device, all of which substantially limits plaintiff's major life activities.

8. At the time of Plaintiff's initial visit to Wendy's (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9. Plaintiff is a musician and travels around the country to play shows.

10. Plaintiff regularly travels to Michigan play shows and to visit family and plans to return to Michigan on July 28, 2020, for approximately one week, and again during the month of October.

11. When in Michigan, Plaintiff regularly stays at hotels and dines at restaurants in the southern Oakland County area.

12. Plaintiff personally encountered barriers to access that denied him full and equal access and enjoyment of the services, goods, and amenities when he attempted to dine at Wendy's located at 26245 Novi Rd, Novi, MI 48375 (the "Novi Facility" on April 10, 2018.

13. After encountering the barriers at the Novi Facility, Plaintiff decided to try to eat at a different location closer to where he was going to shop in hopes that he would be able to dine without having to worry about having proper access to tables and the restroom.

14. Plaintiff ended up deciding to visit the Wendy's located at 41465 Ford Rd, Canton, MI 48187 (the "Canton Facility") on April 10, 2018, but again encountered barriers to access that prevented him from being able to comfortably and safely utilize the Canton Facility as a non-disabled individual.

15. Plaintiff is a customer of Defendant and would return to each Facility in July and October if Defendant modifies the Facility and its policies and practices

to accommodate individuals who have physical disabilities, but he is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

16. Plaintiff also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

17. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

18. Plaintiff incorporates the above paragraphs by reference.

19. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

20. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

21. Plaintiff incorporates the above paragraphs by reference.

22. Wendy's is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a restaurant. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

23. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

24. The Department of Justice has published regulations that adopted the 2010 ADA Standards for Accessible Design (the "Standards") that set the minimum requirements for public accommodations to be accessible and free of architectural barriers.

25. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

26. Plaintiff personally encountered architectural barriers on April 10, 2018, at the Facility located at 26245 Novi Rd, Novi, MI 48375:

    a. Seating:

  i. Not providing seating that has the correct clear floor space for forward approach as required by sections 902, 902.2, 305 and 306 of the Standards.

  ii. Not providing a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink as required by sections 226, 226.1, 902, 305 and 306 of the Standards.

b. Interior Door:

  i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

c. Restroom:

  i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

  ii. Providing a swinging door or gate without proper maneuvering clearances required by sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards.

iii. Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards

iv. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

v. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

vi. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

vii. Not providing a coat hook within the proper reach ranges for a person with a disability as required by sections 603, 603.4 and 308 of the Standards.

viii. Not providing toilet cover dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

    ix. Not providing paper towel dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

    x. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

    xi. Not providing proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom as required by sections 216, 603, and 703 of the Standards.

27. Plaintiff personally encountered architectural barriers on April 10, 2018, at the Facility located at 41465 Ford Rd, Canton, MI 48187:

  a. Restroom:

    i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

    ii. Providing a swinging door or gate without proper maneuvering clearances required by sections 404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the Standards.

   iii. Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards

   iv. Not providing enough clear floor space around a water closet as required by sections 4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1 of the Standards.

   v. Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor as required by sections 604, 604.7 and 309.4 of the Standards.

   vi. Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards.

   vii. Not providing paper towel dispenser at the correct height above the finished floor as required by sections 606, 606.1 and 308 of the Standards.

   viii. Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80"

       high as required by sections 204, 307, 307.1, 307.2 of the Standards.

    ix. Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards.

    x. Not providing flush controls located on the open side of the water closet as required by sections 309, 309.4, 604 and 604.6 of the Standards.

    xi. Not providing the water closet seat at the correct height above the finished floor as required by sections 604 and 604.4 of the Standards.

b. Parking:

    i. Not providing disabled parking that allows access to the shortest available route to a pedestrian entrance of the facility as required by sections 208.3 and 208.3.1 of the Standards.

    ii. Not providing a sign for disabled parking or van disabled parking as required by sections 502 and 502.6 of the Standards.

28.     These barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to concerns for safety and a fear of aggravating his injuries.

29.     Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the Facility.

30.     Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

31.     Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

32.     Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and other violations listed in this Complaint.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

D. award plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

E. grant any other such relief as the Court deems just and proper.

                Respectfully Submitted,

                BLACKMORE LAW PLC

                /s/ Angela C. Spears

                Angela C. Spears (P782653)
                Blackmore Law PLC
                21411 Civic Center Drive, Suite 200
                Southfield, MI 48076
                T: (248) 845-8594
                F: (855) 744-4419
                E: aspears@blackmorelawplc.com
                *Counsel for Plaintiff*

Dated: April 20, 2020